UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JENNIFER DWINNELL,<br>    *Plaintiff*,<br><br>v.<br>FEDERAL EXPRESS LONG TERM<br>DISABILITY PLAN, *et al.*,<br>    *Defendants*. | No. 3:14-cv-01439 (JAM) |

**RULING GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff Jennifer Dwinnell brought this ERISA action against her former employer Federal Express Corporation and plan administrator Aetna Life Insurance Company. Following my order remanding her claim for reconsideration, she now moves for an award of attorney's fees and costs. For the reasons explained below, I will grant plaintiff's motion and will award of $40,657.75 in attorney's fees and $400 in costs.

### BACKGROUND

Plaintiff brought this action under the Employee Retirement Income Security Act (ERISA), challenging the denial of her claim for long term disability benefits under the terms of a disability plan furnished by her former employer Federal Express Corporation and administered by Aetna Life Insurance Company. On February 14, 2017, I heard oral argument on the parties' cross-motions for summary judgment. I concluded that Aetna acted arbitrarily and capriciously by failing to conduct a vocational analysis, as clearly required under controlling Second Circuit precedent. *See Demirovic v. Bldg. Serv. 32 B-J Pension Fund*, 467 F.3d 208 (2d Cir. 2006). Accordingly, I granted in part plaintiff's motion for summary judgment and remanded the matter, instructing defendants to reconsider plaintiff's claim after conducting a

1

vocational review in compliance with *Demirovic*. Doc. #65 at 39–44. Plaintiff subsequently filed a motion for attorney's fees and costs. Doc. #64.

## DISCUSSION

Under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Still, this discretion is "not unlimited." *Donachie v. Liberty Life Assur. Co. of Boston*, 745 F.3d 41, 46 (2d Cir. 2014). The Supreme Court has held that an award of attorney's fees is appropriate only if the party seeking fees has obtained "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). Indeed, "whether a plaintiff has obtained some degree of success on the merits is the sole factor that a court *must* consider in exercising its discretion." *Donachie*, 745 F.3d at 46. In deciding whether to award fees, courts may also—but are not required to—consider the five "*Chambless* factors":

> (1) the degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Id.* at 46 (quoting *Hardt*, 560 U.S. at 249 n.1); *see also Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987).

Plaintiff contends that this Court's remand of her claim constitutes "some degree of success on the merits." Defendants argue that in the absence of a finding that plaintiff is entitled to benefits, a remand does not constitute the requisite success on the merits. In *Hardt*, the Supreme Court deemed a fee award appropriate where the district court had remanded the plaintiff's claim to the plan administrator and opined positively on the merits of her claim, and where the plaintiff was ultimately awarded benefits. The *Hardt* Court explicitly declined to

2

decide "whether a remand order, without more, constitutes 'some success on the merits.'" 560 U.S. at 256. Nor has the Second Circuit decided this question. Many other courts, however, have found "remand simpliciter" to constitute "some success on the merits." *See Valentine v. Aetna Life Ins. Co.*, 2016 WL 4544036, at *4 (E.D.N.Y. 2016) (citing cases and concluding that "'remand simpliciter' is sufficient to constitute 'some success on the merits' under *Hardt* and that an endorsement from the Court on the merits of the claim is unnecessary"); *see also Gross v. Sun Life Assurance Co. of Canada*, 763 F.3d 73, 77 (1st Cir. 2014); *McKay v. Reliance Standard Life Ins. Co.*, 428 F. App'x 537, 546–47 (6th Cir. 2011).

I am generally persuaded by the reasoning of the other courts that have addressed this issue. That is not to say that I cannot imagine that some kinds of remands might be for highly technical or clerical reasons, such that the act of remand might not qualify as "some degree of success on the merits." But that is not the nature of the remand here. The remand here for vocational analysis is essential to a full and fair consideration of plaintiff's claim. It is sufficient to constitute "some success on the merits" for plaintiff.

I have also considered the five *Chambless* factors and find that they weigh in favor of an award of attorney's fees, despite defendants' arguments to the contrary. With respect to the first factor, I find that defendants' position was not taken in good faith, in light of the clear Second Circuit precedent in *Demirovic*. Instead of acknowledging at the outset of plaintiff's filing of this case that *Demirovic* required remand for reconsideration, defendants persisted in fighting plaintiff's challenge, unnecessarily prolonging these federal court proceedings. Moreover, at oral argument, defendants' counsel irresponsibly argued that the Court should not follow the Second Circuit's ruling in *Demirovic*. *See* Doc. #65 at 27–28. This is the first time (and I hope the last

time) that counsel has ever argued to me that I should not abide by the law of the Second Circuit on a question that is governed by federal law.

As to the second and third *Chambless* factors, defendants do not dispute their ability to pay, and requiring them to do so may encourage them and others to conduct vocational reviews in the future. As to the fourth factor, it is unclear whether plaintiff sought to benefit all participants and beneficiaries of the plan, though the outcome of this case may benefit future participants to the extent that it encourages defendants to conduct vocational reviews in other cases.

Finally, the relative merits of the parties' positions weigh in plaintiff's favor; as I have already explained, *Demirovic* clearly required a vocational analysis, and none was conducted in this case. *See Valentine*, 2016 WL 4544036, at *6 ("[B]y concluding that the administrator's denial of benefits was arbitrary and capricious . . . the Court recognized that plaintiff's position was the meritorious position on the issue of remand."). Accordingly, I conclude that an award of attorney's fees is appropriate not only under *Hardt*, but also under the *Chambless* factors.

Having concluded that an award is warranted, I must determine whether the requested fee is reasonable. Defendants object to plaintiff's request on several grounds. First, defendants argue that Attorney Ramos's hourly rate of $375 is unreasonable and should be reduced to $300. I find that Attorney Ramos's rate is reasonable, in light of his experience and the representations by Attorney Snyder as to the hourly rates of other attorneys in the field with similar levels of experience. *See* Doc. #64-18.

Defendants also argue that the Court should reduce the number of hours claimed. If the hours claimed in a fee petition are "excessive, redundant, or otherwise unnecessary," those hours should be excluded from the fee award. *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983).

Defendants object to the inclusion of 6.3 hours that paralegal Smith spent on clerical tasks. I conclude that these tasks are within the fair ambit of a paralegal's responsibilities and are therefore properly included. Defendants further contend that Attorney Ramos spent an excessive amount of time (17.64 hours) on the motion for attorney's fees. Attorney Ramos's records indicate the amount of time he spent on each task associated with the motion for fees. Doc. #64-19 at 3–4. Defendants do not argue that Attorney Ramos spent too much time on any one particular task associated with the fee petition; rather, they argue generally that 17.64 hours is excessive. After reviewing Attorney Ramos's detailed fee records, I find that the amount of time that Attorney Ramos spent on the fee petition falls within the range of what is reasonable. *See, e.g.*, *Murray ex rel. Murray v. Mills*, 354 F. Supp. 2d 231, 241 (E.D.N.Y. 2005) (finding that reasonable time on "routine" motion for attorney's fees was 15 hours).

Finally, it appears that plaintiff has made several mathematical errors. In her memorandum, plaintiff asserts that Attorney Ramos spent 100.46 hours and paralegal Jessica Smith spent 13.03 hours on this case. Doc. #64-1 at 16. When these hours are multiplied by the claimed hourly rates, the total comes to $38,975.50, not $40,617.68 as plaintiff asserts. The detailed time records submitted with plaintiff's motion, however, indicate that Attorney Ramos actually spent 106.57 hours and paralegal Smith spent 6.94 hours on the case. *See* Doc. #64-19. Multiplying these corrected hours by Ramos's and Smith's hourly rates—$375 and $100, respectively—and then adding the products yields a total of $40,657.75. The Court will rely on this figure for the fee award, because it is based on the underlying time records. If either party objects to the Court's calculation, the objecting party shall file a motion for reconsideration within seven days of this ruling.

## CONCLUSION

Plaintiff's motion for attorney's fees and costs is GRANTED in the total amount of $40,657.75 in attorney's fees and $400 in costs.

It is so ordered.

Dated at New Haven this 14th day of April 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge
